# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

**FILED**

**February 18, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **DOYLE HART,** | ) | |
| | ) | NO. 02C01-9703-CC-00102 |
| Appellant, | ) | |
| | ) | LAKE COUNTY |
| **VS.** | ) | |
| | ) | **HON. J. STEVEN STAFFORD,** |
| **BILLY COMPTON, WARDEN,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Writ of Habeas Corpus) |

**FOR THE APPELLANT:**

**DOYLE HART,** *Pro Se*
Register Number 201666
Route 1, Box 330
Tiptonville, TN  38079-9775

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH T.  RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**C. PHILLIP BIVENS**
District Attorney General
P.O. Drawer E
Dyersburg, TN 38025-2005

**OPINION FILED:** _____

**AFFIRMED - RULE 20**

**JOE G. RILEY,**
**JUDGE**

<u>ORDER</u>

The petitioner, Doyle Hart, appeals the order of the Lake County Circuit Court dismissing his petition for writ of habeas corpus. He brought this petition claiming that the indictment charging him with aggravated rape and incest did not allege the appropriate *mens rea*. We affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals.

Petitioner asserts that the indictment charging him with aggravated rape and incest was fatally defective in that it did not allege the specific *mens rea*. The indictment reads, in pertinent part, "that [petitioner] . . . unlawfully and feloniously did have unlawful sexual penetration of another," in Count One; and petitioner "did unlawfully and feloniously have carnal knowledge of [victim]," in Count Two. He argues that the failure to allege the specific *mens rea* in the indictment constituted the failure to allege an offense. Therefore, he claims that the judgment is void on its face.

We find that the language of this indictment provided adequate notice to both the defendant and the trial court and is not deficient. *See* <u>State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997).

Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

                                               
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**

2