IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

(HEARD AT JACKSON)


STATE OF TENNESSEE    ) FOR PUBLICATION
           )
           ) FILED: NOVEMBER 3, 1997
    Appellant   )
           ) WAYNE COUNTY
v.          )
           ) HON. JAMES L. WEATHERFORD,
ROGER DALE HILL, SR.   )   JUDGE
           )
    Appellee    ) NO. 01-S-01-9701-CC-00005

**FILED**

**November 3, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

For Appellee:        For Appellant:

SHARA ANN FLACY      JOHN KNOX WALKUP
District Public Defender   Attorney General and Reporter

WILLIAM C. BRIGHT     KATHY MORANTE
Assistant Public Defender  Deputy Attorney General
Pulaski, TN        Nashville, TN

               T. MICHAEL BOTTOMS
               District Attorney General

               RICHARD H. DUNAVANT
               Assistant District Attorney
                General
               Pulaski, TN


OPINION

REVERSED                                                BIRCH, J.

We accepted the State's application for review in this cause in order to determine the validity of an indictment which charged aggravated rape.[1]  The Court of Criminal Appeals held the indictment void and the subsequent conviction invalid because the language of the indictment failed to allege a culpable mental state.[2]

This issue arises because the Sentencing Reform Act of 1989 provides that a culpable mental state is required to establish an offense unless the definition of the offense "plainly dispenses with a mental element."  Tenn. Code Ann. § 39-11-301(b)(1991). Further, when a statute omits reference to a specific mens rea, but does not plainly dispense with a mens rea requirement, then proof of "intent," "knowledge," or "recklessness" will suffice to establish a culpable mental state.  Tenn. Code Ann. § 39-11-301(c).  The statute defining aggravated rape does not expressly require a culpable mental state, neither does it plainly state that no such mental state is required.  Thus, proof of intent, knowledge or recklessness is required to sustain a conviction for that offense.

Since a plain reading of Tenn. Code Ann. §§ 39-11-301(b) and (c) leads us to conclude that the Legislature intended that a culpable mens rea be an element of the offense of aggravated rape, the question here is whether failure to allege such mens rea in an

_____

[1]Aggravated rape is defined in Tenn. Code Ann. § 39-13-502(a)(4) as the "unlawful sexual penetration of a victim by the defendant . . . [when] [t]he victim is less than thirteen (13) years of age."

[2]The terms "mental state," "culpable mental state," and "mens rea" are used interchangeably.

indictment charging that offense constitutes a fatal defect rendering the indictment void. We hold that for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as

> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

I

On or about June 22, 1991, the victim, M.H.,[3] and her older sister were spending the night with their paternal grandmother. M.H. was about eight years old. The victim's father, defendant Roger Dale Hill, also spent the night at the house. M.H., her sister, and Hill went to sleep on the floor while her grandmother slept on a couch nearby. According to M.H., after her sister and grandmother went to sleep, Hill pulled up her nightgown, pulled her panties over, and put "[h]is finger in my private," and then "got on top of me and . . . started putting his private part

_____

[3]Due to the age of the victim and the nature of the offense, we identify the victim by initial only.

4

into mine." Hill then began to move "[u]p and down." When M.H. told Hill to stop, he did.

A few days later, M.H. related the night's events to her mother. Subsequently, Hill was arrested and charged with aggravated rape. The jury convicted Hill of aggravated sexual battery. The trial court sentenced him to a term of twelve years and imposed a fine in the amount of $25,000. At the hearing on motion for new trial, Hill contended, for the very first time, that the indictment was defective because it failed to specify a culpable mental state for the crime charged. The trial court rejected this contention and approved the verdict. On appeal, the intermediate appellate court ruled that the indictment was indeed void for failure to allege <u>mens rea</u>, and the trial court was therefore without jurisdiction.

II

Because the issues before us are questions of law, our review is <u>de novo</u>. <u>State v. Davis</u>, 940 S.W.2d 558, 561 (Tenn. 1997).

The State contends that the indictment is valid because an indictment need not specify the culpable mental state when the language therein is otherwise sufficient to inform the accused of the charge.

The indictment in question contains six counts, each in the following language:

5

> [the defendant] did unlawfully
> sexually penetrate [the victim] a
> person less than thirteen (13) years
> of age, in violation of <u>Tennessee
> Code Annotated</u> 39-13-502, all of
> which is against the peace and
> dignity of the State of Tennessee.

As for constitutional requirements, the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee to the accused the right to be informed of the nature and cause of the accusation. Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy. <u>State v. Byrd</u>, 820 S.W.2d 739, 741 (Tenn. 1991); <u>VanArsdall v. State</u>, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); <u>State v. Smith</u>, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980).

We recognize, however, that an indictment need not conform to traditionally strict pleading requirements. Rather, as the Court noted in <u>State v. Pearce</u>,

> the strictness required in indict-
> ments had grown to be a blemish and
> inconvenience in the law and the
> administration thereof. That more
> offenders escaped by the over-easy
> ear given to exceptions to
> indictments, than by the
> manifestation of their innocence; and
> that the grossest crimes had gone
> unpunished by reason of these
> unseemly niceties. . . . [W]hile
> tenderness ought always to prevail in
> criminal cases, yet, that it does not
> require such a construction of words
> as would tend to render the law

6

> nugatory and ineffectual, nor does it
> require of us to give into such nice
> and strained critical objections as
> are contrary to its true meaning and
> spirit. . . .[I]n criminal cases,
> where the public security is so
> deeply interested in the prompt
> execution of justice, it seems the
> minor consideration should give way
> to the greater, and technical
> objections be overlooked, rather than
> the ends of society be defeated.

7 Tenn. (Peck) 66-67 (1823). Over the years, this Court has made reference to "the growing inclination of this court to escape from the embarrassment of technicalities that are empty and without reason, and tend to defeat law and right." State v. Cornellison, 166 Tenn. 106, 59 S.W.2d 514, 515 (Tenn. 1933). Indeed, the purpose for the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist. See Tenn. Code Ann. § 39-11-102(a) (1991). Thus, we now approach "attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding." United States v. Purvis, 580 F.2d 853, 857 (5th Cir. 1978)(citing Parson v. United States, 189 F.2d 252, 253 (5th Cir. 1951)).

The form of an indictment is subject to statutory prescription also. Tennessee Code Annotated § 40-13-202 (1990) provides that an indictment must:

> state the facts constituting the
> offense in ordinary and concise
> language, without prolixity or

7

> repetition, in such a manner as to
> enable a person of common
> understanding to know what is
> intended, and with that degree of
> certainty which will enable the
> court, on conviction, to pronounce
> the proper judgment. . . .

This statute, procedural in nature, was originally enacted in 1858, one hundred and thirty-one years prior to the enactment of the Sentencing Reform Act of 1989, which expressly abolished common law offenses and statutorily specified the conduct necessary to support a criminal prosecution in Tennessee. <u>See</u> Tenn. Code Ann. § 39-11-102(1991) and the Sentencing Commission Comments thereto.

When the General Assembly enacted the Sentencing Reform Act of 1989, it included significant references to the requirement for a culpable mental state. One such reference is found in Tenn. Code Ann. § 39-11-301 (1991):

> (a)(1) A person commits an offense who acts intentionally, knowingly, recklessly or with criminal negligence, as the definition of the offense requires, with respect to each element of the offense.
>
> . . .
>
> (b) A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.
>
> (c) If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state.

Another reference is found in Tenn. Code Ann. § 39-11-201 (1991), which codified the principles regarding burden of proof:

> (a) No person may be convicted of an offense unless each of the following is proven beyond a reasonable doubt:
>
> . . .
>
> (2) The culpable mental state required.

Yet another reference is found in Tenn. Code Ann. § 39-11-101 (1991):

> The general objectives of the criminal code are to . . .
>
> (2) Give fair warning of what conduct is prohibited, and guide the exercise of official direction in law enforcement, by defining the act and the culpable mental state which together constitute an offense.

Arguably, the first two of these references pertain primarily to the evidence necessary to sustain a conviction. Their pertinence, then, to the requirements of a valid indictment is tangential and secondary at best. Obviously, the description of the proof necessary to sustain a conviction must be both more inclusive and conclusive than the language of an indictment.[4]

Generally, an indictment must allege the material elements of an offense. Torcia, Wharton's Crim. Pro. § 235 at 59 (1990). Again, the touchstone for constitutionality is adequate notice to the accused.

---

[4]Any confusion may be due, at least in part, to the loose usage of the phrase "essential elements," which can mean the elements necessary for conviction or the elements necessary to inform the accused of the charge.

The authors of the Model Penal Code suggest that culpability is not a material element of an offense, although at common law, "scienter" was a necessary element and had to be alleged in every indictment. The common-law rule, however, has been modified as to statutory offenses. In modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense. 41 Am.Jur.2d Indictments and Information § 126 (1995).

The offense alleged in the indictment under consideration is aggravated rape. Tennessee Code Annotated § 39-13-502(a)(4)[5] defines the applicable category of aggravated rape as the "unlawful sexual penetration of a victim by the defendant, . . . [when] the victim is less than thirteen (13) years of age." This statute does not specify a mental state. Thus, pursuant to Tenn. Code Ann. § 39-11-301(c), the mental element is satisfied if the indictment alleges that the defendant committed the proscribed act with intent, knowledge, or recklessness. Obviously, the act for which the defendant is indicted, "unlawfully sexual penetrat[ing]" a person under the age of thirteen, is committable only if the principal actor's mens rea is intentional, knowing, or reckless.[6] Thus, the required mental state may be inferred from the nature of the criminal conduct alleged. Clearly, the language of this indictment provides adequate notice to both the defendant and the trial court

---

[5]This statute has now been amended so that rape of a child less than thirteen years of age is a separate offense. See Tenn. Code Ann. § 39-13-522.

[6]This is true because even while voluntarily intoxicated, a defendant may recklessly rape a victim or recklessly disregard the age of a victim. See State v. Jones, 889 S.W.2d 225, 228-29 (Tenn. Crim. App. 1994).

of the offense alleged protects the defendant from subsequent reprosecution for this same offense.  The form of the indictment complies with the requirements of Tenn. Code Ann. § 40-13-202.

In conclusion, we hold that the indictment in this case charging the defendant with the offense of aggravated rape, in violation of Tenn. Code Ann. § 39-13-502, meets constitutional and statutory requirements of notice and form and is, therefore, valid. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the appeal is dismissed.  Costs of this appeal are taxed to Hill; let execution issue if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Reid, Holder, JJ.

11