IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

February 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TOMMY HORTON TATE, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9707-CR-00264 |
| | ) | |
| | ) | Morgan County |
| v. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| | ) | |
| CHARLES JONES, WARDEN, | ) | (Habeas Corpus) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Tommy Horton Tate, Pro Se
M.C.R.C.F.
P.O. Box 2000
Wartburg, TN 37887

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles E. Hawk, Jr.
District Attorney General
        and
Frank Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Tommy Horton Tate, appeals as of right the Morgan County Criminal Court's denial of his petition for habeas corpus relief. He contends that his convictions for rape of a child are void because the indictments do not allege the required mens rea.

According to the petitioner's habeas corpus petition, the indictments charged that the petitioner "did unlawfully engage in sexual penetration, to wit: fellatio, with [the victim], who is less than thirteen (13) years of age . . . ." In State v. Hill, 954 S.W.2d 725 (Tenn. 1997), our supreme court held that an indictment charging a defendant with the unlawful sexual penetration of a person less than thirteen years of age was sufficient to charge the mental state needed for rape, aggravated by the victim being less than thirteen years old. Thus, under Hill, the allegations in the indictments charge the offense for which the petitioner was convicted.

After full consideration of the record, the briefs, and the law governing the issue presented, we are of the opinion that the trial court properly dismissed the petitioner's petition for habeas corpus relief and that no precedential value would be derived from the rendering of a full opinion. Therefore, we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn Ct. Crim. App. R.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Judge


_____
Curwood Witt, Judge

2