# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

**FILED**

**February 17, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

|  |  |
|---|---|
| **JOE L. RUSSELL,** | ) |
|  | ) |
| Appellant, | ) C.C.A. No. 02C01-9701-CR-00030 |
|  | ) |
| V. | ) Shelby County |
|  | ) |
| **STATE OF TENNESSEE,** | ) Honorable John P. Colton, Jr., Judge |
|  | ) |
| Appellee. | ) (Post-Conviction) |
|  | ) |
|  | ) |

FOR THE APPELLANT:

Joe L. Russell, Pro Se
TDOC #209487
7575 Cockrill Bend Road
Nashville, TN 37209-1057

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Kenneth W. Rucker
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-4351

William L. Gibbons
District Attorney General

Janet Shipman
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Joe L. Russell, was convicted by a jury in August 1992 of aggravated rape and was sentenced to fifteen years in the Tennessee Department of Correction. In November 1996, the appellant filed a petition for writ of habeas corpus in which he challenged the sufficiency of his aggravated rape indictment. The trial court denied habeas corpus and alternatively, post-conviction relief. The appellant now appeals this denial of relief.

The appellant's sole issue on appeal is whether the trial court erred in dismissing his petition for writ of habeas corpus. We affirm.

The appellant asserts that his petition for writ of habeas corpus was inappropriately converted by the trial court to a petition for post-conviction relief, which was subsequently denied because the post-conviction petition was time barred. The appellant's basis for his writ of habeas corpus is that his indictment was fatally flawed for not alleging a mens rea, citing State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, filed June 20, 1996).

The state argues that the trial court properly denied the petition because it "did not represent a cognizable claim for habeas relief or post-conviction relief" and because the petition for post-conviction relief was time barred. The state further asserts that the appellant's indictment was not flawed, and thus, his conviction is valid.

First, the trial court improperly converted the appellant's writ of habeas corpus to a petition for post-conviction relief. The Post-Conviction Act allows an individual to challenge a conviction based upon constitutional grounds. However, the appellant in this case challenges his indictment, and thus, a writ of habeas corpus is the proper procedure for such a challenge. However, the Tennessee Supreme Court, which had not rendered its decision in Hill at the

time the parties filed their briefs in this matter, reversed the decision in <u>Hill</u>. <u>See State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997) (holding that failure of indictment to allege culpable mental state was not a fatal defect). Therefore, the appellant's contention that his indictment was flawed and his conviction invalid based on <u>Hill</u> is erroneous. We affirm the trial court's dismissal of the appellant's petition.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge