# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES W. SMITH,** | ) | **C.C.A. NO. 03C01-9707-CR-00250** |
| | ) | |
| Appellant, | ) | |
| | ) | **RHEA COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. J. CURTIS SMITH, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JAMES W. SMITH**, *pro se*          **JOHN KNOX WALKUP**
#229668, S.T.S.R.C.F.                Attorney General & Reporter
Route 4, Box 600
Pikeville, TN  37367                 **TIMOTHY F. BEHAN**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN  37243


                                     **J. MICHAEL TAYLOR**
                                     District Attorney General


                                     **JAMES W. POPE, III**
                                     Assistant District Attorney General
                                     First American Bank Bldg., 3rd Floor
                                     Dayton, TN  37321


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, James W. Smith, appeals the order of the Rhea County Circuit Court dismissing his *pro se* petition for post-conviction relief. The trial court found that the petition was filed outside the statute of limitations. After a review of the record, we affirm the trial court.

On September 12, 1990, Petitioner was convicted in the Rhea County Circuit Court for the offenses of rape and incest. He was sentenced to terms of twelve (12) years and three (3) years to be served consecutively. His direct appeal was affirmed on March 24, 1992, and his application for permission to appeal to the supreme court was denied July 9, 1992. Petitioner filed his petition for post-conviction relief on August 26, 1996, alleging that the indictments against him were fatally deficient so as to deprive the trial court of jurisdiction. The trial court subsequently dismissed the petition without an evidentiary hearing because it was filed outside the one-year statute of limitations and because it fit none of the exceptions to the one-year filing requirement. Tenn. Code Ann. § 40-30-202(a) and (b).

At the time the Petitioner's convictions became final, July 9, 1992, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three (3) years to one (1) year. Tenn. Code Ann. § 40-30-202(a). The new 1995 Post-Conviction Act governs this petition and all petitions filed after May 10, 1995. Because the previous three-year statute of limitations had not expired for Petitioner at the time the new Act took effect, his

right to petition for post-conviction relief survived under the new Act. See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).

As a result, Petitioner had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. Tenn. Code Ann. § 40-30-201 and -202(a). Petitioner filed his petition for post-conviction relief on August 26, 1996, more than three months after the expiration of the one-year period. Therefore, Petitioner's petition is time-barred by the one-year statute of limitations.

However, Petitioner alleges that the indictments against him are insufficient for failure to state a *mens rea*, thus carving out an exception to the statutory one-year filing requirement. See Tenn. Code Ann. § 40-30-202(b)(1). Petitioner relies upon the decision of this Court in State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim App., Nashville, June 20, 1996), in support of his argument that the decision in Hill established a new constitutional right not existing at the time of his convictions, thus not barring his petition as untimely. See Tenn. Code Ann. § 40-30-202(b)(1). However, our supreme court reversed this Court's decision in Hill. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). In any event, Hill did not establish a new constitutional right not existing at the time of Petitioner's conviction.

Accordingly, we conclude that the trial court correctly found that the petition was barred by the statute of limitations with no statutory exceptions applicable, and therefore, a summary dismissal of the petition was appropriate. Tenn. Code Ann. § 40-30-206(b).

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
WILLIAM B. ACREE, JR., Special Judge