# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY 1998 SESSION

FILED

March 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **NELSON B. GRAVES,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9705-CR-00171 |
| | ) | |
| vs. | ) | Johnson County |
| | ) | |
| **HOWARD CARLTON, WARDEN,** | ) | Hon. Lynn W. Brown, Judge |
| **AND STATE OF TENNESSEE,** | ) | |
| | ) | (Habeas Corpus) |
| Appellees. | ) | |

FOR THE APPELLANT:

**NELSON B. GRAVES**
Pro Se
N.E.C.C.
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SANDY COPOUS PATRICK**
Assistant Attorney General
2d Floor Cordell Hull Bldg.
425 Fifth Ave. North
Nashville, TN 37243-0943

**DAVID E. CROCKETT**
District Attorney General
Rt. 19, Box 99
Johnson City, TN 37601

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The petitioner, Nelson B. Graves, appeals the Johnson County Criminal Court's summary denial of his petition for the writ of habeas corpus. According to his petition, Graves is presently serving an effective 55 year incarcerative sentence following his convictions of three counts of aggravated rape and one count of aggravated kidnapping. See also State v. Nelson B. Graves, No. 744, slip op. at 1 (Tenn. Crim. App., Knoxville, Dec. 10, 1981), perm. app. denied (Tenn. 1982). It appears that he committed his crimes in 1980.[1] Graves alleges the court below erroneously failed to issue the writ of habeas corpus, to which he claims entitlement because (1) the district attorney general's signature is lacking from some of the charging instruments, and (2) the indictments against him fail to allege a culpable mens rea. Having reviewed the records and the arguments of the petitioner and the state, we affirm the trial court's dismissal of Graves's petition.

We begin our analysis with recitation of Rule 12(b)(2), Tennessee Rules of Criminal Procedure.

> Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the trial judge. The following must be raised prior to trial.
> . . .
> Defenses and objections based on defects in the indictment, presentment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)[.]

Tenn. R. Crim P. 12(b)(2). Objections not made in accordance with the time frame of rule 12(b)(2) are waived. Tenn. R. Crim. P. 12(f).

The absence of the attorney general's signature on an indictment is neither necessary for a showing of jurisdiction nor for the charging of an offense. Thus, under Rule 12(b)(2), an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus

---

[1]The indictments included in the record consist of one charge of criminal conduct in 1977 and five charges of criminal conduct in 1980. Matching the indictments with the judgment forms attached to the pleadings Graves filed in the court below, we infer that his complaint relates to four of the indictments for the 1980 crimes.

petition. <u>John C. Tomlinson v. Howard Carlton</u>, No. 03C01-9610-CR-00389, slip op. at 5 (Tenn. Crim. App., Knoxville, Oct. 2, 1997), <u>pet. for perm app. filed</u> (Tenn., Oct. 31, 1997); <u>see also</u> <u>State v. Anthony Nixon</u>, No. 02C01-9612-CC-00484, slip op. at 4 (Tenn. Crim. App., Jackson, Dec. 3, 1997) (defects "that go to matters of form rather than substance" must be raised pre-trial or they are waived pursuant to Rule 12), <u>pet. for perm. app. filed</u> (Tenn., Jan. 20, 1998). In his brief, Graves concedes no such objection was made "during the course of his trial." The issue was waived when it was not raised pre-trial, and it is not properly before us now.

Graves also claims entitlement to the writ of habeas corpus based upon alleged deficiencies in the indictments in failing to allege a culpable mental state. He bases his argument on the provisions of Code sections 39-11-301 and 39-11-302. Those provisions require a culpable mental state for the commission of a criminal offense and define the four culpable mental states applicable to violations of the 1989 Criminal Code. He supports his argument by citation to <u>State v. Roger Dale Hill, Sr.</u>, No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), <u>rev'd</u>, 954 S.W.2d 725 (Tenn. 1997), and <u>State v. Nathaniel White</u>, No. 03C01-9408-CR-00277 (Tenn. Crim. App., Knoxville, June 7, 1995).

The fallacy in Graves's argument is that, unlike the defendants in <u>Hill</u> and <u>White</u>, his crimes were committed in 1980, long before the enactment of the 1989 Criminal Code. The touchstone of the now-reversed <u>Hill</u> decision and <u>White</u> is section 39-11-301. <u>See</u> <u>Roger Dale Hill</u>, slip op. at 5 (court of criminal appeals

3

opinion); Nathaniel White, slip op. at 4. The criminal law at the time of Graves's crimes did not contain an analogous provision. See, e.g., Carl E. Saine v. Alton Hesson, No. 02C01-9710-CC-00399 (Tenn. Crim. App., Jackson, Dec. 15, 1997) (Rule 20 Order), pet. for perm. app. filed (Tenn., Dec. 29, 1997); Harvey Qualls v. Billy Compton, No. 02C01-9610-CC-0331, slip op. at 4, n.2 (Tenn. Crim. App., Jackson, Oct. 17, 1997), pet. for perm. app. filed (Tenn., Dec. 16, 1997).

Notwithstanding Graves's reliance on reversed and inapposite authority, we find the indictments against him sufficient under the applicable law. The aggravated rape indictments allege in pertinent part,

> That Nelson B. Graves heretofore on the 1st day of April, 1980 . . . did unlawfully and feloniously engage in sexual penetration, to wit: [method of sexual penetration][2], with [the victim], a person thirteen (13) years of age, by using force and coercion to accomplish said act, and did cause personal injury to [the victim], against the peace and dignity of the State.

At the time of the crimes, aggravated rape was defined in pertinent part as "unlawful sexual penetration of another accompanied by any of the following circumstances: . . . The actor uses force or coercion to accomplish the act, and . . . [t]he actor causes personal injury to the victim. . . ." Tenn. Code Ann. § 39-3703 (Supp. 1979).

The aggravated kidnapping indictment alleges in pertinent part,

> That Nelson B. Graves heretofore on the 1st day of April, 1980 . . . did unlawfully and feloniously seize, confine, inveisle [sic], entice, decoy, abduct, conceal kidnap or carry away [the victim], and while being so held the said [victim] was the victim of a felony, to wit: Aggravated Rape, against the peace and dignity of the State.

On the relevant date, aggravated kidnapping was criminalized in pertinent part as

---

[2]The three aggravated rape indictments upon which Graves was convicted alleged fellatio, cunnilingus, and sexual intercourse, each allegation being contained in a separate indictment.

follows:

> Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual shall be deemed guilty of aggravated kidnapping when one or more of the following circumstances are present . . . The victim suffers serious bodily harm or is the victim of any felony committed while being held . . . .

Tenn. Code Ann. § 39-2603 (Supp. 1980).

A portion of the former Criminal Code relevant to Graves provided that indictments must

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-1802 (1975) (currently codified at Tenn. Code Ann. § 40-12-202).[3] The indictments in the case at bar closely follow the statutory form of the crimes. Their form is consistent with the mandate of section 40-1802. Cf., e.g., Carl E. Saine; William Edward Whitt v. State, No. 02C01-9704-CC-00140 (Tenn. Crim. App., Jackson, July 1, 1997) (Rule 20 Order). Thus, we find them sufficient under the law as it existed at the time.

Graves's final issue alleges constitutional deprivation by the court below in "refusing to entertain a properly drafted petition with valid issues for review." Because we have found Graves's substantive issues are not valid bases for granting habeas corpus relief, this argument collapses of its own weight.

The trial court's dismissal of the meritless petition is affirmed.

---

[3]The Criminal Code also provided that an indictment of a crime chargeable at common law could "be charged or described substantially at common law." Tenn. Code Ann. § 40-1805 (1975) (now § 40-13-205).

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
JOSEPH M. TIPTON, JUDGE