# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997



**FILED**

**March 30, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES EDWARD HAYES,** | ) | **C.C.A. NO. 02C01-9610-CC-00326** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **LAKE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOE G. RILEY** |
| **BILLY COMPTON, WARDEN,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Habeas Corpus)** |

FOR THE APPELLANT:

JAMES EDWARD HAYES
Pro Se
TDOC #201739
Lake County Regional
Correctional Facility
Route 1, Box 330
Tiptonville, TN 38079

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

PHILLIP BIVENS
District Attorney General
P. O. Drawer E
Dyersburg, TN 38024

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant James Edward Hayes was convicted by a jury on February 25, 1993 in the Gibson County Circuit Court of two counts of aggravated sexual battery. As a Range I standard offender, Appellant received two consecutive twelve-year sentences with the Tennessee Department of Correction. On August 2, 1996, Appellant filed an application for writ of habeas corpus in the Lake County Circuit Court. In his application, Appellant alleged that he was being illegally restrained in Lake County on a conviction and sentence based upon a fatally defective indictment which failed to allege a mens rea. On August 16, 1996, the trial court denied the writ on the ground that the judgment is not void on its face and that Appellant is, therefore, not entitled to habeas corpus relief. Appellant presents the following issue for our consideration in this direct appeal: whether the trial court erred in dismissing the petition for writ of habeas corpus.

After a review of the record, the judgment of the trial court is affirmed.

The Gibson County grand jury indicted Appellant on two counts of aggravated sexual battery. The indictment reads as follows:

> COUNT ONE: THE GRAND JURORS of GIBSON County, Tennessee
> duly empaneled and sworn, upon their oath, present
> that JAMES EDWARD HAYES on divers occasions upon or
> after the 1st day of May, 1992, and prior to the 1st
> day of July, 1992, the exact days and dates thereof
> being to the Grand Jurors unknown, in GIBSON County,
> Tennessee, and before the finding of this indictment,
> did unlawfully engage in sexual contact with Betsy
> Hayes, a person less than thirteen (13) years of age,
> in violation of T.C.A. 39-13-504, all of which is
> against the peace and dignity of the State of Tennessee.
>
> SECOND COUNT: And the Grand Jurors aforesaid upon
> their oaths aforesaid, present further that on the
> _____ day of July, 1992, and in the aforesaid County,
> and within said jurisdiction, and before the finding
> of this indictment, the aforesaid JAMES EDWARD HAYES

did unlawfully engage sexual contact with Betsy Hayes, a person less than thirteen (13) years of age, in violation of T.C.A. 39-13-504, all of which is against the peace and dignity of the State of Tennessee.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution afford the accused the right to be informed of the "nature and cause of the accusation." Moreover, our legislature has prescribed the contents of indictments. Tenn. Code Ann. § 40-13-202 provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

Tenn. Code Ann. § 40-13-202.

The Tennessee Supreme Court's decision in State v. Hill governs the disposition of the case sub judice. 954 S.W.2d 725 (Tenn. 1997). The Hill court held that:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy; (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and (3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-27.

The indictment in the instant case is sufficient under Hill. Accordingly, the trial court's judgment is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE