# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1998 SESSION



**FILED**

**July 14, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES A. HOOPER,** | ) | |
| | ) | No. 03C01-9704-CR-00152 |
| Appellant, | ) | |
| | ) | Morgan County |
| vs. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |


FOR THE APPELLANT:

PRO SE

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY E. BEHAN
Assistant Attorney General
Cordell Hull Bldg., Second Floor
425 Fifth Avenue, North
Nashville, TN 37243-0493

CHARLES E. HAWK, JR.
District Attorney General

FRANK A. HARVEY
Assistant District Attorney
P. O. BOX 703
KINGSTON, TN 37763


OPINION FILED:_____


AFFIRMED PURSUANT TO RULE 20


WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The appellant, James A. Hooper, appeals as of right the trial court's dismissal of his petition for post-conviction relief. We affirm the trial court.

In 1992, the appellant was indicted in a multi-count indictment charging him with aggravated rape for crimes which were committed in 1990. He was convicted of three counts, but those convictions were reversed by the Court of Criminal Appeals. In 1995, the appellant entered a plea of guilty to one count of aggravated sexual battery, a lesser included offense of Count 5.

The issue raised by the appellant is that the indictment did not allege a culpable mental state and is invalid.[1] The appellant relies upon this Court's decision in State v. Roger Dale Hill, (No. 01C01-9508-CC-00267 (Tenn.Crim.App.), filed June 20, 1996, at Nashville). This decision was reversed by the Supreme Court at State v. Hill, 954 S.W.2d 725 (Tenn.1997). Therein, the Supreme Court held:

> "We hold that for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense as long as
>
> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> (2) the form of the indictment meets the requirement of Tenn.Code.Ann. §40-13-202; and
> (3) the mental state can be logically inferred from the conduct alleged."

Hill, at 726, 727.

In Hill, the defendant was indicted for aggravated rape. The indictment alleged that the defendant "did unlawfully sexually penetrate (the victim) a person less than thirteen (13) years of age in violation of T.C.A. §39-13-502, all of which is against the peace and dignity of the State of Tennessee". The Court held that the language of that indictment met constitutional and statutory requirements of notice and form and was therefore valid. In the case at bar, the appellant was

[1]The State raises the issue that the petition is barred by the statute of limitations. However, it cannot be determined from the record when the judgment became final nor can it be determined when the petition was filed. Consequently, this issue will not be considered.

indicted for the same crime by indictment using the same language.  Accordingly, we hold that the judgment in this case is valid and affirm the dismissal of the petition.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE