# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1998 SESSION

FILED

November 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9710-CC-00379 |
| | ) | |
| Appellee, | ) | HARDEMAN COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| TYRONE SAIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (EVADING ARREST) |

FOR THE APPELLANT:              FOR THE APPELLEE:

STEVEN E. FARESE              JOHN KNOX WALKUP
P.O. Box 98                   Attorney General & Reporter
Ashland, MS  38603
                              PETER M. COUGHLAN
                              Assistant Attorney General
                              2nd Floor, Cordell Hull Building
                              425 Fifth Avenue North
                              Nashville, TN  37243

                              ELIZABETH T. RICE
                              District Attorney General

                              JERRY W. NORWOOD
                              Assistant District Attorney General
                              25th Judicial District
                              Hardeman County Courthouse
                              Bolivar, TN  38008-2359

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Tyrone Sain, was convicted in the Circuit Court of Hardeman County of the offense of evading arrest, in violation of Tennessee Code Annotated section 39-16-603. He appealed as of right and presents two (2) issues for review: (1) The count of the indictment charging the offense of evading arrest is void because it alleged a mens rea of "knowingly" when the statute requires a mens rea of "intentionally;" and (2) If the indictment is void and therefore must be dismissed, future prosecution of Defendant for this particular offense is barred by the applicable statute of limitations. After careful review of this record, and the arguments of the State and Defendant, we affirm the judgment of the trial court.

Defendant was charged in a four (4) count indictment as follows: Count 1, possession of cocaine with intent to manufacture, deliver, or sell, a Class B felony; count 2, evading arrest in violation of Tennessee Code Annotated section 39-16-603; count 3, speeding in violation of Tennessee Code Annotated section 55-8-152; and count 4, failure to stop his vehicle at a stop sign in violation of Tennessee Code Annotated section 55-8-149. In the first two (2) counts, Dedrick K. McGuire was also charged as a co-defendant. McGuire is not a party to this appeal. Following a jury trial, Defendant was found guilty of counts 2 and 4 and was acquitted of counts 1 and 3. This appeal pertains only to the conviction for evading arrest.

The record on appeal is very sparse. It contains only the documents filed with the trial court clerk and a transcript of a hearing in the trial court. The transcript contains only the post-trial hearing on the motion to dismiss. No proof was

2

taken at this hearing. There is no transcript in the record of the trial or any pretrial hearings, if any were held.

According to the indictment, the offense was alleged to have occurred on December 14, 1993. This was prior to the 1995 amendment of the statute setting forth the offense of evading arrest, Tennessee Code Annotated section 39-16-603. Therefore, at the time of the offense, the applicable statute read as follows:

> **39-16-603. Evading arrest. -** (a) It is unlawful for any person to *intentionally* flee from anyone the person knows to be a law enforcement officer and the person:
>
> (1) Knows the officer is attempting to arrest the person; or
> (2) Has been arrested.
>
> (b) It is a defense to prosecution under this section that the attempted arrest was unlawful.
>
> (c) A violation of this section is a Class A misdemeanor.

Tenn. Code Ann. § 39-16-603 (1991) (emphasis added).

Count 2 of the indictment alleges as follows:

> And the Grand Jurors on their oath aforesaid further present that in Hardeman County on or about the 14th day of December, 1993, before the finding of this indictment, the said **DEDRICK K. MCGUIRE AND TYRONE SAIN** did unlawfully and knowingly flee from Sheriff Delphus Hicks and Deputy Doug Brown of the Hardeman County Sheriff's Department, known to **DEDRICK K. MCGUIRE AND TYRONE SAIN** to be a law enforcement officers [sic] from effecting the arrest of the said **DEDRICK K. MCGUIRE AND TYRONE SAIN**, in violation of T.C.A. 39-16-603, against the peace and dignity of the State of Tennessee.

From the judgment, it appears that the jury trial was held January 22, 1997. There is nothing in the record to indicate that Defendant brought to the

3

attention of the trial court prior to trial by motion or otherwise his argument that the incorrect mens rea was alleged in count 2 of the indictment. However, on February 3, 1997, less than two (2) weeks after the jury trial, Defendant's counsel filed (1) a motion to dismiss count 2 of the indictment, and (2) a brief in support of the motion to dismiss. The basis for the motion to dismiss was that count 2 of the indictment failed to allege an essential element of the offense, i.e. the mens rea of "intentionally."

The precise issue presented by Defendant in this appeal can be set forth as follows: "If a criminal statute requires a mental culpability of 'intentionally' and the indictment alleges 'knowing' mental culpability, does this render the indictment void because it fails to state an offense?" Our research indicates that this is an issue of first impression in Tennessee. In State v. Hill, 954 S.W.2d 725 (Tenn. 1997), our supreme court did not address the specific issue raised in this appeal, but did determine that the required mental culpability may be inferred from the nature of criminal conduct alleged in the indictment when the criminal offense at issue neither expressly requires nor plainly dispenses with a requirement for a culpable mental state. Id. at 729.

In discussing Tennessee Code Annotated section 39-11-302, which defines the culpable mental states, this court in State v. Crowe noted the following:

> The statutory scheme creates a hierarchy, and, while each of the four mental elements are unique, [intentional, knowing, reckless, and criminal negligence] the lesser levels of culpability are included within the greater.

914 S.W.2d 933, 937 (Tenn. 1995).

4

While proof of intentional culpability necessarily includes proof of knowing culpability, the converse is not necessarily true. See Id. at 937, n. 2. There is, therefore, a defect in an indictment wherein a lesser level of mental culpability than that required by statute is alleged in the indictment. Review of this issue requires us to first determine whether the objection to the defective indictment must be raised pre-trial. Rule 12(b) of the Tennessee Rules of Criminal Procedure provides in part as follows:

> (b) **Pretrial Motions**. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. **The following must be raised prior to trial:**
>
> (2) Defenses and objections based on defects in the indictment, presentment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court during the pendency of the proceedings).

Tenn. R. Crim. P. 12(b) and (2) (emphasis added).

The indictment alleged "knowing" conduct by the Defendant. While proof of this conduct by the Defendant would not necessarily prove that Defendant also acted intentionally, it is not foreclosed that the "knowing" act by Defendant in this particular case could not have also been done "intentionally." The transcript of the trial is not included in the record and we therefore are unable to review the proof presented at trial. Defendant did not file a motion for new trial, but only filed the motion to dismiss post-trial as discussed earlier in this opinion. In this appeal, Defendant does not challenge the sufficiency of the evidence to sustain a conviction. The trial court entered a sentencing order, an order overruling the motion to dismiss, and signed the judgment for the conviction of evading arrest. We presume that the

5

trial court approved the verdict returned by the jury. See State v. Braden, 867 S.W.2d 750 (Tenn. Crim. App. 1993). We therefore presume that there was sufficient evidence to support the conviction for evading arrest, including evidence that Defendant acted with "intentional" mental culpability.

Since proof of "knowing" conduct does not necessarily disprove "intentional" conduct, the defect in the indictment is not of the character which would be classified as a defect that fails to charge an offense, and therefore, a motion to dismiss based upon the alleged defect in this indictment must be brought pre-trial, or it is waived. Tenn. R. Crim. P. 12(f).

We also note that a recent opinion of our supreme court lends support to the conclusion reached in this case. In Dykes v. Compton, _____ S.W.2d _____, No. 02-S-01-9711-CC-00105, Lake County (Tenn., Nashville, Sept. 21, 1998) the court addressed the issue of whether a challenge to an indictment may be addressed through a petition for writ of habeas corpus, and if it could be, whether the appellant in that case was entitled to the relief he sought. The supreme court concluded that a challenge to an indictment may be addressed in a habeas corpus petition. However, the court further held that the appellant was not entitled to the relief he sought in that case. Specifically, the appellant argued that the indictment which led to his conviction for aggravated rape was void because it failed to make any reference to a culpable mental state. In holding that the indictment in that case satisfied the requirements of Hill, 954 S.W.2d 725, the supreme court stated in part, "[a]pplying Hill, we find that the language of the above indictment, **as well as the specific reference to the statute allegedly violated**, provided the appellant with

6

ample notice of the offense charged." <u>Dykes</u>, _____ S.W.2d _____, No. 02-S-01-9711-CC-00105, slip op. at 6. The court went on to say the following:

> In conclusion, **we wish to emphasize once again the fact that the Court has moved away from the strict pleading requirements of common law.** As we noted in <u>Hill</u>, 'the purpose for the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist.'
>
> <u>Id</u>. at 6-7 (emphasis added) (citation omitted).

In the case <u>sub judice</u>, there was a specific reference in the indictment to the statute allegedly violated. The element of "intentional" culpable mental state was easily ascertained by reference to this statute. We conclude that the reasoning contained in <u>Dykes</u> supports our holding that the motion to dismiss based upon the alleged defect in this indictment is waived since it was not brought pretrial.

Based upon the foregoing, we conclude that Defendant's first issue is not well taken. Accordingly, the second issue presented by Defendant is moot. The judgment of the trial court is therefore affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

(See separate concurring opinion)
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge

7