IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

December 11, 1998

Cecil W. Crowson
Appellate Court Clerk

GARY PHELPS

    Appellant,

VS.

DAVID MILLS, Warden

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

NO. 01C01-9802-CC-00088

HICKMAN COUNTY NO. 96-5182C

HON. HENRY DENMARK BELL,
JUDGE

(Habeas Corpus)

**AFFIRMED - RULE 20**

## O R D E R

Appellant, GARY PHELPS, appeals the trial court's summary dismissal of his petition for writ of *habeas corpus*. Appellant claims his indictment for aggravated rape and aggravated sexual battery was void for failing to set forth the requisite *mens rea* for each offense.

Our Supreme Court's decision in Hill established the requirements for a valid indictment when the legislature does not expressly require nor plainly dispense with the requirement for a culpable mental state, and the indictment fails to allege a mental state. Those requirements are:

> (1) the language of the indictment [must be] sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment [must meet] the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3) the mental state [must be able to] be logically inferred from the conduct alleged.

State v. Hill, 954 S.W.2d 725, 726-27 (Tenn. 1997).

The issue in this appeal falls squarely within the purview of Hill. The indictment in question was returned in October 1990, and used the following language:

"Gary Phelps heretofore on or before the 12th day of December, 1989, in the County and State aforesaid did unlawfully sexually penetrate [victim's name], a child less than thirteen (13) years of age at the time of the commission of this offense, in violation of TCA 39-13-502."

". . . on or before the 12th day of December, 1989, in the County and State aforesaid, the said Gary Phelps, did [sic] unlawfully and with force or coercion, did have unlawful sexual contact with [victim's name], a child under the age of thirteen (13) years of age, in violation of TCA 39-13-505."

Applying the Hill analysis to this indictment, the appellant's claim fails.

The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. It appearing that the appellant is indigent, costs shall be taxed to the state.

So ordered. Enter:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**L.T. LAFFERTY, SENIOR JUDGE**