**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

FILED

December 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ROBERT LEE TAYLOR**, | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9808-CC-00239** |
| | ) | |
| vs. | ) | **LAKE COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. 98-7823** |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the denial of the petitioner's petition for writ of habeas corpus. The petitioner was convicted of first degree murder in August 1982. On July 21, 1998, the petitioner filed a petition for writ of habeas corpus challenging the sufficiency of the first degree murder indictment returned in 1981. This Court recently filed an order affirming the trial court's denial of a similar petition for writ of habeas corpus filed by the petitioner attacking the sufficiency of this very indictment. Robert Lee Taylor v. State, No. 02C01-9701-CC-00019 (Tenn. Crim. App., November 3, 1997), perm. to app. denied, (Tenn. November 24, 1997).

The petitioner contends the indictment at issue is void because it fails to contain the requisite mens rea of the charged offense. The indictment alleges the petitioner "unlawfully, feloniously, wilfully, deliberately, premeditatedly and maliciously did kill and murder [the victim]." At the time of the offense in this case, first degree murder was defined as "[e]very murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, [one of the enumerated felonies, including robbery]." T.C.A. § 39-2402 (1981 supp.). As we found in our previous order, the indictment in this case satisfies constitutional and the then existing statutory

requirements.  See Dykes v. Compton, -- S.W.2d -- (Tenn. 1998) (holding that the analysis outlined in State v. Hill, 954 S.W.2d 725 (Tenn. 1997) applies with equal relevance to crimes committed before 1989).

Accordingly, for the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed.  Costs of this appeal shall be assessed against the state.

_____
DAVID G. HAYES, JUDGE

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE