# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1999

FILED

May 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JULIUS GOODMAN, | ) | C.C.A. NO. 03C01-9807-CR-00252 |
| | ) | |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| V. | ) | |
| | ) | |
| HOWARD CARLTON, WARDEN, | ) | HON. LYNN W. BROWN, JUDGE |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

JULIUS GOODMAN, *pro se*              JOHN KNOX WALKUP
Northeast Correction Complex #91453   Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683              ELLEN H. POLLACK
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

                                      JOE C. CRUMLEY, JR.
                                      District Attorney General
                                      114 Alf Taylor Road
                                      Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Julius Goodman, the Petitioner, appeals the dismissal of his petition for habeas corpus relief. In 1985, the Petitioner pled guilty to aggravated rape and was sentenced to forty (40) years imprisonment in the Haywood County Circuit Court. On February 13, 1998, Petitioner filed a petition for habeas corpus relief, asserting that the indictment for aggravated rape was invalid as it did not contain the requisite *mens rea*. The trial court dismissed the petition based upon the issue not being amenable to habeas corpus relief. On March 25, 1998, the Petitioner filed a motion to reconsider the dismissal and to amend his petition for habeas corpus relief. In the amendment, Petitioner stated that the District Attorney failed to sign the indictment sent to the grand jury and such failure rendered the indictment against him void. This motion was also denied by the trial court, and Petitioner appeals on the basis of this denial. We affirm the judgment of the trial court.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if " 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164. The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627 (citation omitted). Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for

habeas corpus relief. Id. Without a valid indictment, there can be no jurisdiction and no prosecution. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). "[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Id. at 529. Therefore, this case is properly before our court in a habeas corpus proceeding.

Petitioner first argues that his conviction is void because the appropriate *mens rea* for the offense of aggravated rape was not included in the language of the indictment. At the time of the offense in April 1985, Tennessee Code Annotated section 39-2-603 defined aggravated rape as "unlawful sexual penetration of another accompanied by . . . force or coercion . . . used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon." This language was sufficient under the law as it existed at that time.

This indictment was issued prior to the Criminal Sentencing Reform Act of 1989, and the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989). The only statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

However, generally stated an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which an answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to

protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). While Hill was prosecuted under the Criminal Sentencing Reform Act of 1989, its analysis is as relevant to crimes committed under the 1979 Act as it is to those committed under the 1989 Act. Dykes v. Compton, 978 S.W.2d at 530. Just as in Hill, the mental state in the case sub judice is easily inferable from the conduct alleged in the indictment. Id.

As the indictment against Petitioner contained the words found in the language of the statute that he had "unlawful sexual penetration" of the victim contrary to Tennessee Code Annotated Section 39-2-603, the indictment meets the requirements of sufficiently apprising the Petitioner of the offense charged under the law at the time. Petitioner's issue is without merit.

Petitioner's second argument addresses the alleged failure of the prosecutor or district attorney to sign the indictment. Petitioner is correct that the District Attorney is required to sign the indictment somewhere on the indictment. See Steve Carroll v. Howard Carlton, Warden, No. 03C01-9611-CR-00420, slip op. at 2, Johnson County (Tenn. Crim. App., at Knoxville, January 21, 1998) (No Rule 11 application filed) (citations omitted). However, our review of the indictment indicates that it was, in fact, signed by the District Attorney General at the bottom of the third page of a three-page indictment. The six (6) counts within the indictment were consecutively numbered, with counts (1), (2) and (3) on the first page, counts (4) and (5) on the second page, concluding with count (6) on the third page. It is reasonable to interpret his signature as intending to cover all six (6) counts contained in the three-page indictment. Id., slip op. at 2. This issue is also without merit.

-4-

After finding Petitioner's issues to be without merit, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
L. T. LAFFERTY, Senior Judge