# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

ANTONIO L. SWEATT,

    Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**

July 19, 1999

Cecil W. Crowson
Appellate Court Clerk

C.C.A. NO. 01C01-9811-CR-00454

(No. 90-S-1362 Below)

DAVIDSON COUNTY

The Hon. Steve Dozier

(Dismissal of Post-Conviction Petition)

AFFIRMED PURSUANT TO RULE 20

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant opposes the motion.

On December 13, 1990, the petitioner pled guilty to two counts of aggravated rape with an agreed sentence of 25 years in the Tennessee Department of Correction. He filed a post-conviction petition on June 7, 1993, however, after counsel was appointed, he withdrew the petition on November 4, 1993. Thereafter, on March 20, 1996, the petitioner filed a second post-conviction petition. Counsel was appointed, and two amended petitions were filed. A hearing was held on February 19, 1997, at which the trial court held that the petition was barred by the statute of limitations but reserved ruling on an issue regarding the indictment, pending the Supreme Court's decision in State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Upon the release of the Supreme Court's opinion in Hill, the trial court denied the petition.

The petitioner concedes that this petition for post-conviction relief was filed outside the statute of limitations. However, he argues that he was lead to believe that he would be released after serving 30% of his sentence, and therefore, the statute of limitations should have been tolled until after he served 30% of his sentence.

At the time of the petitioner's conviction, the applicable statute of limitations for filing a post-conviction petition was three years of the date of the final action. T.C.A.

§ 40-30-102 (1990 Repl.) (repealed 1995). Thereafter, our Legislature reduced the time for filing a post-conviction petition to one year from the final action, and the statute of limitations was "not to be tolled for any reason." T.C.A. § 40-30-202(a) (1996 Supp.) (amended 1996). The statute of limitations could only be tolled if one of the three enumerated exceptions in the statute applied. See T.C.A. § 40-30-202 (b) (1996 Supp.) (amended 1996). In the present case, the post-conviction petition was filed outside the statute of limitations, and the trial court properly held that the petitioner failed to show that one of the exceptions listed in the statute was applicable.

Finally, as to the petitioner's issue regarding the indictment, he correctly concedes that this issue was foreclosed by our Supreme Court's decision in State v. Hill, 954 S.W.2d 725. Therefore, the trial court correctly denied the petition for post-conviction relief on this issue.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE