IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

June 17, 1998

Cecil W. Crowson
Appellate Court Clerk

JAMES R. JACKSON )
                                 )
      Appellant )       NO. 01C01-9609-CR-00387
                                 )
v.                             )       DAVIDSON COUNTY
                                 )
STATE OF TENNESSEE )       HON. ANN LACY JOHNS
                                 )
      Appellee. )       (Post Conviction)
                                 )

For the Appellant:

William C. Roberts, Jr.
Parkway Towers, Ste. 1502
Nashville, TN. 37219

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue North
2nd Floor Cordell Hull Building
Nashville, TN. 37243-0493

Victor S. Johnson III
District Attorney General

Roger D. Moore
Assistant District Attorney General
Washington Square, Ste. 500
222 2nd Avenue North
Nashville, TN. 37201-1649

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, James R. Jackson, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. We affirm the judgment of the trial court.

In 1991, the appellant was convicted by a jury of aggravated rape and aggravated sexual battery. The trial court entered a judgment of acquittal on the sexual battery conviction and sentenced the appellant to twenty (20) years, as a Range I offender, for aggravated rape. The appellant's conviction and sentence were affirmed by this Court on direct appeal. See State v. Jackson, 889 S.W.2d 219, 223 (Tenn. Crim. App. 1993), *perm. app. denied* (Tenn. 1994).

The facts and circumstances of appellant's case were summarized in the direct appeal as follows:

> The victim, twelve years old at the time of the alleged offense, went to the Miller Hand Paint Shop to ask if anyone wanted puppies from her dog's litter. She had visited the shop before and knew the appellant who worked there as a painter. The appellant was alone in the store when she arrived. The victim testified that while speaking with the appellant, he pushed her to the floor and sexually penetrated the victim. The attack was interrupted by a knock at the door, and the victim was able to escape. She returned home and told her family what had happened.
> The police subsequently arrested the appellant and took him to General Hospital for a rape kit examination. Once at the hospital, the appellant signed a waiver permitting the police to perform the examination upon him. The test included the collection of thirty pubic hairs and thirty head hairs. The FBI analyzed the hair and determined that the loose hair found in the victim's "vaginal area microscopically matched the public hairs of Mr. Jackson [appellant] in all characteristics."

See id. at 221.

On June 8, 1994, the appellant filed a *pro se* petition for post-conviction relief alleging the ineffective assistance of his trial counsel. He contended that counsel was incompetent in failing to resist the trial judge's decision to recuse himself, in failing to properly advise him about a plea offer, and in failing to raise certain evidentiary and procedural issues in the direct appeal. Through a newly appointed counsel, the

2

appellant filed an amended petition containing the above stated grounds and additional allegations of ineffective counsel.

Following an evidentiary hearing, the trial court dismissed appellant's petition upon accrediting the testimony of his trial counsel and upon finding that appellant "failed to carry his burden of proof with respect to both general and specific allegations of ineffective assistance of counsel." The trial court further determined that any attack upon counsel for failing to challenge the recusal of the trial judge before sentencing was meritless in light of evidence that the sentencing judge fully and fairly performed his duties in reviewing the trial record and in presiding over the sentencing hearing.

In this appeal, the appellant raises the issue of his counsel's ineffectiveness, and for the first time, challenges the constitutionality of his indictment and the "reasonable doubt" jury instruction.

Initially, we conclude that any challenge to the "reasonable doubt" jury instruction is waived under Tennessee Code Annotated section 40-30-112(b)(1) (repealed 1995).[1] The appellant has offered no reason why he did not raise this issue in his *pro se* and amended post-conviction petition. Because the appellant could have, but did not, raise the issue in an earlier proceeding, we decline to address it on appeal.

## I.

The appellant first contends that he is entitled to post-conviction relief based upon the alleged ineffective assistance of counsel. He argues that his counsel was ineffective in failing to challenge the trial judge's decision to recuse himself prior to the sentencing hearing.

This issue is without merit.

---

[1]The appellant filed his original *pro se* petition for post-conviction relief prior to the amended Post-Conviction Procedure Act of 1995. Accordingly, his petition must be addressed under the pre-1995 Act. Tenn. Code Ann. §§ 40-30-101 -- 124 (repealed 1995).

Prior to the sentencing hearing, the trial judge was approached by someone working with defense counsel on appellant's case. Based upon the ex-parte communications that followed, the trial judge determined that he could not remain impartial during the sentencing phase of appellant's trial. Accordingly, the trial judge recused himself and the case was transferred to another division of criminal court of Davidson County. Judge Randall Wyatt took the case under advisement and presided over both the sentencing hearing and the motion for a new trial. Appellant's counsel did not challenge the recusal until the motion for a new trial.

The appellant argues that he was prejudiced by counsel's failure to object to the recusal during the trial proceeding. To prevail on this claim, the appellant must show by a preponderance of the evidence[2] that the action and services provided by his counsel fell below the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Furthermore, he must demonstrate "prejudice" by proving that, but for counsel's incompetence, the result of the trial proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed. 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).[3]

Evidence at the post-conviction hearing consisted of appellant's testimony and the testimony of his trial counsel. The trial court accredited the testimony of counsel and determined that the appellant was well represented throughout trial. Moreover, the court ruled that any arguable deficiency in counsel's performance would not have resulted in a different outcome in appellant's case. The trial court's findings of fact in post-conviction proceedings "are conclusive on appeal unless the evidence preponderates against the judgment." See State v. Buford, 666 S.W.2d 473, 475

---

[2]Under the pre-1995 Post Conviction Procedure Act, the appellant has the burden of proving the allegations in his petition by a preponderance of the evidence. See McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1987).

[3]The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), cert. denied, 493 U.S. 874 (1989).

(Tenn. Crim. App. 1983). We find no evidence to disturb the trial court's findings and conclude that appellant's counsel performed with reasonable diligence and competency in representing the appellant at trial.

The record reflects that appellant's trial counsel spent approximately sixty five (65) hours preparing and handling appellant's defense. Although counsel did not object to the trial judge's recusal during the trial proceeding, she testified that she challenged the recusal in appellant's motion for a new trial.[4]

Assuming *arguendo* that counsel was somehow deficient in failing to object to the recusal before or at sentencing, the appellant has failed to demonstrate any resulting prejudice. Based upon the finding of the post-conviction court, the "substitute" judge in appellant's case carefully reviewed the trial record and made other preparations before presiding over the sentencing and the motion for a new trial.[5] Appellant has offered no evidence to prove otherwise and has failed to show any prejudice from the recusal and the performance of his counsel. His claim is without merit.

## II.

The appellant next challenges the validity of the indictment charging him with aggravated rape. Relying on this Court's opinion in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), he contends that his indictment was fatally deficient in failing to include the requisite *mens rea* for the aggravated rape offense.

We note that the appellant did not raise this issue in his *pro se* and amended petitions for post-conviction relief. However, at the time of filing those petitions, this

---

[4]The basis of counsel's challenge was that the trial judge's decision to recuse himself prior to sentencing denied appellant the right to a fair trial. The "substitute" judge considered the issue and ruled that it was without merit.

[5]Rule 25(b) of the Tennessee Rules of Criminal Procedure provides that if, after a verdict of guilt, the trial judge comes under a disability precluding further participation in the case, another judge regularly sitting in or who may be assigned to the court may take over the proceedings. Tenn. R. Crim. P. 25(b). The new judge is required to familiarize himself or herself with the record in order to proceed. See State v. Bilbrey, 858 S.W.2d 911, 914 (Tenn. Crim. App. 1993).

Court had not yet rendered the decision in Hill. We, therefore, conclude that the issue is not waived and choose to address it, *de novo*, as a question of law.

The appellant argues that his conviction of aggravated rape is invalid because of a fatal defect in the indictment charging him with that offense. Count two of his indictment stated in pertinent part:

> [O]n the 18th day of April, 1990, in Davidson County, Tennessee and before the finding of this indictment, [James Richard Jackson] did engage in unlawful sexual penetration of Sandra Harrison, a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-502, and against the peace and dignity of the State of Tennessee.

Appellant's claim must fail in light of our Supreme Court's recent decision in State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997). In Hill, the Court upheld an indictment that is virtually identical to the indictment in appellant's case. Id. at 727. The Court recognized that modern statutory codes serve to avoid the hypertechnical nature of common law pleading. Therefore, according to the Court, an omission of the *mens rea* element from an offense is not always fatal to an indictment. See id. at 727-28.

For offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege the requisite *mens rea* will nevertheless be legally sufficient if: (1) Its language satisfies the constitutional requirement of notice to the accused; (2) Its form meets the requirements set forth in Tennessee Code Annotated section 40-13-202;[6] and (3) The requisite mental state can be logically inferred from the alleged criminal conduct. See id. at 726-27.

In appellant's case, we conclude that the *mens rea* element can be inferred from the indictment language charging aggravated rape. The indictment sets forth the statutory provision making it a Class A Felony for anyone to unlawfully sexually

---

[6]Under Tennessee Code Annotated section 40-13-202 (1991), an indictment must state the charged offenses in ordinary and concise language that will provide the accused with a common understanding and will enable the trial court to enter a proper judgment.

penetrate a victim, if the victim is less than thirteen (13) years of age. Tenn. Code Ann. § 39-13-502. Moreover, it states the facts constituting the offense and provides appellant with sufficient notice of the charges as mandated by our constitution. Accordingly, we conclude that the indictment is valid.

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

___(Not Participating)[*******]_____
JOE B. JONES, JUDGE

_____
DAVID H. WELLES, JUDGE

---

[*******]Judge Jones died on May 1, 1998, following a distinguished career as a trial attorney and as a respected member of this Court since his appointment in November, 1986. He will be greatly missed.

7