IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION

FILED

March 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | No. 02C01-9703-CC-00087 |
| | ) | |
| Appellee, | ) | MADISON COUNTY |
| | ) | |
| v. | ) | HON. FRANKLIN MURCHISON, |
| | ) | JUDGE |
| VINCENT BURRIS, a.k.a. | ) | |
| VINSON BURRIS, | ) | (Unlawful sale and delivery of |
| | ) | cocaine) |
| Appellant. | ) | |

For the Appellant:

George Morton Googe
District Public Defender
Jackson, Tennessee
(At Trial)

C. Michael Robbins
Memphis, Tennessee
(On Appeal)

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Nashville, Tennessee

OPINION FILED: _____

AFFIRMED

William M. Barker, Special Judge

**OPINION**

The appellant, Vincent Burris, appeals as of right his conviction in the Madison County Circuit Court of selling crack cocaine, a Schedule II controlled substance. The trial court sentenced appellant to serve four years in the Tennessee Department of Correction. On appeal, he contends that the indictment did not sufficiently allege an offense and the evidence of identity was insufficient to sustain the verdict. We conclude that the indictment is adequate and that the evidence is sufficient to support the verdict. The conviction and sentence are affirmed.

**BACKGROUND**

On August 28, 1995, Dwayne Yarborough, a confidential informant met with three Lexington police officers to prepare for an undercover drug purchase.[1] The police instructed Yarborough to purchase cocaine from a black male named "Vince." Around 8:00 p.m., Yarborough testified that he approached the appellant on Belmont Street. He asked appellant if he could purchase a "forty-cent piece" of crack cocaine from him. Appellant handed Yarborough a white substance as Yarborough handed appellant forty ($40.00) dollars. Yarborough returned to the location of the police officers and turned the white substance over to them.[2] Later, the police sent the white substance to the Tennessee Bureau of Investigation Crime Lab for testing. The substance tested positive for cocaine. Appellant was thereafter indicted for the unlawful sale and delivery of cocaine.[3] See Tenn. Code Ann. §39-17-417 (1997).

At trial, appellant testified that he was at home with his daughter from 4:30 p.m. until 1:00 a.m. the following morning. Teketa Jones testified that she was with the appellant and his daughter around 4:30 that afternoon. Appellant told Ms. Jones that

---

[1] During the previous two years, Yarborough had worked on one hundred drug purchases for the Lexington Police Department.

[2] At the time of the purchase, the police officers were located a few miles away from the informant and were not in a position to observe the exchange.

[3] At the time the crime occurred, appellant was out on bond for an aggravated assault conviction. The trial court judge had given him a month to get his affairs in order before reporting to prison to serve a six year sentence for the conviction.

he was going to be staying home with his daughter all evening. At approximately 1:00 a.m., the child's mother picked up her daughter from appellant's house. However, appellant failed to produce evidence to corroborate his testimony that he was at home with his daughter at 8:00 p.m.

In addition to his alibi defense, the appellant also argued that he could not have been the one who sold the cocaine because the description of the suspected drug dealer given Yarborough did not match his appearance. At trial, there was conflicting testimony regarding the description of the suspected drug dealer. One police officer testified that the description of the suspected drug dealer provided to the police characterized the suspect as a light skinned, black male of 5'10" height named "Vince." Appellant is a dark skinned, black male of 5'8" height. The informant, however, did not recall hearing this description or providing it to the police.

Based on the foregoing evidence, the jury convicted appellant of the unlawful sale and delivery of cocaine. Tenn. Code Ann. §39-17-417 (1997).

## ANALYSIS

First, appellant argues that the indictment is invalid because it fails to specify the requisite *mens rea* of the offense. The statute in question provides that it is a criminal offense to *knowingly* sell or deliver a controlled substance. Tenn. Code Ann. §39-17-417(a)(2)-(3). The first count[4] of the indictment in the appellant's case states:

> THE GRAND JURORS of Madison County, Tennessee, . . . present
> that VINCENT BURRIS on or about August 28, 1995, . . . did unlawfully
> sell a controlled substance, to-wit: Cocaine, a Schedule II Controlled
> Substance as classified in §39-17-408, . . . in violation of T.C.A.
> §39-17-417 . . .

The second count of the indictment states:

> THE GRAND JURORS of Madison County, Tennessee . . . present
> that VINCENT BURRIS on or about August 28, 1995, . . . did unlawfully
> deliver a controlled substance, to-wit: Cocaine, a Schedule II Controlled
> Substance as classified in §39-17-408, . . . in violation of T.C.A.

---

[4]The appellant was convicted of both counts. The trial court merged them into a single offense of sale and delivery and sentenced the appellant to four (4) years in prison. A fine of $2,000.00 was also assessed against the appellant but the judgment form makes no reference to a fine.

§39-17-417 . . .

Although the indictment does not state the required mental state, it refers to the statute that defines the offense.

Our Supreme Court's decision in State v. Hill, 954 S.W.2d 725 (Tenn. 1997), established that for offenses which neither require nor plainly dispense with the mental state requirement, the failure to allege the culpable mental state on an indictment is not a fatal defect. Id. at 726. An indictment failing to allege a mental state for such offenses is sufficient to support a conviction as long as:

> (1) the language of the indictment is sufficient to meet the constitutional requirement of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment meets the requirements of Tenn. Code Ann. §40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-727. The court noted, "the purpose for the traditionally strict pleading requirements was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." Id. at 728. The Hill court did not address the specific issue raised in this appeal.

However, one year later, our Supreme Court addressed this issue in Ruff v. State, 978 S.W.2d 95 (Tenn. 1998). In Ruff, the indictment for aggravated kidnaping stated:

> that BILLY JOE SMITH and TERRY DEAN SNEED . . . did unlawfully remove Karen Rios from her place of employment, so as to substantially [sic] interfere with Karen Rios' liberty,. . . in violation of Section 39-13-304 of the Tennessee Code Annotated . . .

Id. at 99. The appellant argued that the indictment was invalid because the "knowing" element was omitted from the indictment. Id. The aggravated kidnaping statute requires a culpable mental state by defining the offense as "false imprisonment, as defined in § 39-13-302." Id. Tennessee Code Annotated Section 39-13-302 (1991)

4

defines false imprisonment as the "*knowing* removal or confinement of another." Id. The Court held that "where the constitutional and statutory requirements outlined in Hill are met, an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction." Id. at 100. Because the mental state was provided by the statute cited in the indictment, the Court stated that the Hill analysis applied to offenses that specify a certain mental state. Id. at 99. The Court noted that the citation of the statute in the indictment placed the appellant on sufficient notice of the requisite mental state of the offense. Id. After applying the Hill analysis, the Court held that the judgment of the conviction was valid. Id.

Recently, our Supreme Court reaffirmed its holdings in Ruff and Hill. See Crittenden v. State, No. 01-S-01-9712-CR-00267, 1998 Tenn. LEXIS 574 (S. Ct. October 12, 1998). The Court discussed the distinction between the requirements for a valid indictment and the proof required for a conviction. Id. at 3. The Court stated: "A conviction requires proof beyond a reasonable doubt of every element of the offense. An indictment needs only to satisfy the constitutional and statutory requirements in Hill for it to support a conviction." Id. Again, the Court stressed that it has moved away from strict pleading requirements and will not "embrac[e] technicalities that are empty and without reason." Id.

Applying Crittenden and Ruff to the present case, we find the indictment to be valid. When the indictment is read in conjunction with Tennessee Code Annotated Section 39-17-417, it is apparent that the mental element is included in the offense and an implicit part of the indictment. Because the indictment cites the pertinent statute and satisfies the constitutional and statutory requirements in Hill, it is sufficient to support the conviction.

Under the first Hill prong, the indictment placed appellant on sufficient notice of the requisite mental state by specifically referring to Tennessee Code Annotated §39-17-417. Additionally, the language of the indictment provides an ample basis for a

5

proper judgment and double jeopardy protection. Applying the second prong, we find that the facts included in the indictment are sufficient to meet the statutory requirements of Tennessee Code Annotated §40-13-202 (1990). Lastly, because knowledge is inferable from the conduct alleged in the indictment --the unlawful sale and delivery of cocaine-- the indictment satisfies the third prong of the Hill test. Thus, we hold that the indictment was proper and contained the requisite mental state as required by law.

In his second argument, appellant contends that the evidence of identity is insufficient to sustain his conviction.[5] Appellant argues that Yarborough is the only person who can identify him as the perpetrator. He says that Yarborough was provided with a description that did not match appellant's characteristics. Thus, he concludes that the evidence of his identity is insufficient for a reasonable jury to have found that he sold cocaine. We disagree. Yarborough's identification of appellant at trial along with his testimony that he purchased cocaine from the appellant are sufficient to support the conviction.

An appellant challenging the sufficiency of the evidence has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In our review, we must consider the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979).

---

[5]Appellant filed a motion to suppress the informant's testimony that identified the appellant in a pre-trial photo line up and identification of appellant at trial. The trial court granted the motion to suppress the photo lineup, but denied the motion as to the identification at trial.

After reviewing the evidence, we conclude that it is sufficient to support the jury's verdict. The police instructed Yarborough to purchase cocaine from a black male named "Vince." Appellant's name is Vincent. At trial, the informant identified appellant as the person who sold him the cocaine. Appellant failed to produce any evidence that would corroborate his testimony that he was at home with his daughter at 8:00 p.m. Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This court does not reweigh or re-evaluate the evidence and is required to afford the State the strongest legitimate view of the proof contained in the record, as well as all reasonable and legitimate inferences which may be drawn therefrom. Cabbage, 571 S.W.2d at 825.

Contrary to appellant's assertion, there was sufficient evidence for the jury to believe that appellant sold cocaine to Yarborough. Though there were no other eyewitnesses, the informant was directly involved in the drug deal and provided eyewitness testimony to the events. Thus, we find that sufficient evidence existed to establish the identity of appellant as the perpetrator of the offense and to sustain the conviction.

Having considered the entire record before us, we conclude that the trial court committed no reversible error. Hence, we affirm the appellant's conviction and sentence.

_____
WILLIAM M. BARKER, SPECIAL JUDGE

7

CONCUR:

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JR., JUDGE