IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION

FILED

April 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9805-CC-00155 |
| Appellee, | ) | |
| | ) | HAYWOOD COUNTY |
| VS. | ) | |
| | ) | HON. DICK JERMAN, JR., |
| HOWARD KAREEM ATKINS | ) | JUDGE |
| alias "RED" | ) | |
| | ) | |
| Appellant. | ) | (Sale of Cocaine) |

FOR THE APPELLANT:

C. MICHAEL ROBBINS
46 North Third St., Suite 719
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH T. RYAN
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

CLAYBURN L. PEEPLES
District Attorney General

LARRY HARDISTER
-and-
BRYAN FULLER
Asst. District Attomeys General
109 East First St.
Trenton, TN 38382

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

# O P I N I O N

The defendant was convicted by a jury of selling .5 grams or more of cocaine and sentenced to serve eight years in the Tennessee Department of Correction. He now appeals, challenging the sufficiency of the indictment. Finding no merit to his arguments, we affirm.

Tennessee Code Annotated § 39-17-417 prohibits a defendant from knowingly selling a controlled substance. T.C.A. § 39-17-417(a)(3)(Supp. 1998). "[I]f the amount involved is point five (.5) grams or more of any substance containing cocaine" then the offense is a Class B felony. T.C.A. § 39-17-417(c)(1)(Supp. 1998). The indictment filed against the defendant states, in pertinent part, that the defendant "did unlawfully sell a controlled substance, to wit: COCAINE, (over .5 grams), a schedule II controlled substance, as classified in Section 39-17-408 . . . in violation of T.C.A. 39-17-417."

The defendant relies upon State v. Hill, 954 S.W.2d 725 (Tenn. 1997), to argue that the indictment is insufficient because it fails to allege that the defendant acted knowingly. Specifically, the defendant points to language in Hill that implies the mens rea element of a crime should be alleged in an indictment when it is specifically included in the statutory definition of the charged offense. See Hill, 954 S.W.2d at 726, 729. Thus, according to the defendant, the indictment in this case is insufficient because it omits the term "knowingly" even though "knowingly" is specifically included in the statutory definition of the charged offense. See § 39-17-417(a)(3).

The defendant's argument neglects Ruff v. State, 978 S.W.2d 95 (Tenn.

2

1998), a recent Tennessee Supreme Court case interpreting Hill. In Ruff, the court determined that where the culpable mental state is provided by a statute cited in the indictment, the indictment will be sufficient so long as the requirements set out in Hill are met, that is, (a) that the language provides the defendant with sufficient notice of the crime charged, an adequate basis for entry of a proper judgment, and protection from double jeopardy; (b) that the form of the indictment complies with T.C.A. § 40-13-202; and (c) that the mental state can be logically inferred from the conduct alleged. Ruff, 978 S.W.2d at 99, 97. Here, each of these requirements is met. Thus, the defendant's argument fails.

The defendant also complains that the indictment charges him with selling cocaine weighing .5 grams or more, but the evidence established only that he sold a substance containing cocaine weighing .5 grams or more and it was not established how much the pure cocaine weighed. The defendant labels this as a sufficiency of the evidence issue. This is not a sufficiency of the evidence issue because in order to establish a Class B felony under § 39-17-417(c), the State need not prove that the pure cocaine in the contraband substance weighed .5 grams or more, so long as the weight of the cocaine combined with the other substances totaled .5 grams or more. See State v. Alcorn, 741 S.W.2d 135, 138 (Tenn. Crim. App. 1987). Thus, the State proved what § 39-17-417(c)(1) required it to prove, that is, that the substance containing cocaine that was sold by the defendant weighed .5 grams or more.

The defendant's true point of contention is that the indictment is insufficient because it alleges he sold cocaine weighing .5 grams or more, rather than a substance containing cocaine weighing .5 grams or more, as § 39-17-417(c)(1) provides. The indictment, however, complies with constitutional protections, including that of notice to

3

the accused of the crime charged.  Moreover, the indictment complies with the requirements delineated in § 40-13-202.  Thus, it is sufficient to support the defendant's conviction.

Finding no merit to the defendant's arguments, his conviction and sentence are affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
THOMAS T. WOODALL, Judge


_____
JAMES C. BEASLEY, SR., Special Judge