# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

June 22, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **GLEN MARSHALL CHEEK** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9809-CR-00335 |
| | ) | |
| vs. | ) | Hamilton County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Douglas A. Meyer, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**ARDENA J. GARTH**
District Public Defender

**DONNA ROBINSON MILLER**
Assistant Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN 37402

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**MARVIN S. BLAIR, JR.**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**WILLIAM H. COX III**
District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED-RULE 20

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The petitioner, Glen Marshall Cheek, appeals from the Hamilton County Criminal Court's order dismissing his petition for post-conviction relief. The petitioner was convicted of aggravated sexual battery on November 5, 1993. On March 25, 1997, he filed a pro se petition for post-conviction relief alleging that his conviction was based on an indictment which did not state the culpable mental state. The trial court denied relief because it found the indictment was sufficient pursuant to State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Upon review, we find no error of law requiring reversal and affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

The state contends that the petition is barred by the statute of limitations. Under the Post-Conviction Procedure Act of 1995, petitions filed after May 10, 1995, must be filed within one (1) year from the date of the final action of the highest state appellate court to which an appeal is taken or, if there is no appeal, within one (1) year of the date that the judgment became final. See Tenn. Code Ann. § 40-30-202(a) (1997). However, the act gave petitioners, whose three year statute of limitations under the previous act had not already expired, one year from the effective date of the act, May 10, 1995, in which to file a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997). A petition filed beyond the one year statute of limitations can only be considered if certain statutory exceptions apply. See Tenn. Code Ann. § 40-30-202(b) (1)-(3) (1997).

The petitioner failed to file his petition for post-conviction relief within the applicable limitations period. The petitioner does not contend that any of the statutory exceptions apply to his claim. Instead, the petitioner contends that the statute of limitations should not bar his petition because application of the statute of limitations would not afford him a reasonable opportunity to have his claim

2

reviewed. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). The petitioner has stated no reasons why due process requires the statute of limitations not be applied to his case. We find the petition is barred by the statute of limitations.

Accordingly, the judgment of the trial court dismissing the petition is affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
JAMES CURWOOD WITT, JR., JUDGE


CONCUR:


_____
JOHN EVERETT WILLIAMS, JUDGE


_____
ALAN E. GLENN, JUDGE