# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY SESSION, 1999

FILED

September 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **THOMAS EUGENE GRAHAM,)** | **C.C.A. NO. 03C01-9809-CR-00337** | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **HAMILTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. STEPHEN M. BEVIL,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF HAMILTON COUNTY

<u>FOR THE APPELLANT</u>:

HEIDI A. BARCUS
606 W. Main, Suite 202
Knoxville, TN 37902

<u>FOR THE APPELLEE</u>:

MICHAEL E. MOORE
Solicitor General

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JERRY N. ESTES
District Attorney General

BARRY STEELMAN
Assistant District Attorney General
Suite 300 - Courts Building
600 Market Street
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This case presents us with a second opportunity to consider the Defendant's request for post-conviction relief. Although the Defendant, Thomas Eugene Graham, presents four issues for our review, we must first resolve the question of whether we reach the merits of the petition. Essential to our resolution of this matter is an analysis of the rather lengthy procedural history of the case. We conclude that consideration of the merits of the petition is barred and therefore affirm the trial court's denial of post-conviction relief.

The Defendant was convicted of aggravated rape, aggravated kidnaping, and aggravated burglary in 1991. He was sentenced to twenty-five years for the aggravated rape conviction, twenty-five years for the aggravated kidnaping conviction, and six years for the aggravated burglary conviction. On appeal to this Court in 1993, his convictions were affirmed; however, this Court reduced the length of his sentence for aggravated kidnaping to twelve years.[1] On October 4, 1993, the Tennessee Supreme Court denied the Defendant's application for permission to appeal.

In July of 1994, the Defendant filed a petition for post-conviction relief. After an evidentiary hearing, the trial court denied the Defendant's request for relief. This Court affirmed the denial of the petition on June 24, 1996.[2]

_____

[1] State v. Thomas Eugene Graham, No. 03C01-9112-CR-00391, 1993 WL 218264 (Tenn. Crim. App., Knoxville, June 22, 1993).

[2] Thomas Eugene Graham v. State, No. 03C01-9506-CR-00181, 1996 WL 341600 (Tenn. Crim. App., Knoxville, June 24, 1996).

Application for permission to appeal to the Tennessee Supreme Court was denied.

On October 8, 1996, the Defendant filed a motion to reopen his post-conviction petition. The trial court overruled the motion on October 14, and the Defendant filed another motion to reopen his post-conviction petition on April 14, 1997. Upon reconsideration of the matter, the trial court granted the motion, ordering that the Defendant's motion to reopen be treated as a post-conviction petition. On August 21, 1997, the Defendant filed an "Amended Petition for Relief from Conviction of Sentence." The trial court conducted an evidentiary hearing on November 26, 1997, which resulted in the denial of the Defendant's petition. The Defendant now appeals the denial of his second petition for post-conviction relief.

Tennessee Code Annotated § 40-30-217 outlines the procedure for filing "[m]otions to reopen." It states, in pertinent part,

> A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-217(a)(1)-(4) (1997).

In its order denying the Defendant's second petition for post-conviction relief (originally filed as a motion to reopen the petition for post-conviction relief), the trial court pointed out that in support of his argument, the Defendant relied upon the opinion of this Court in State v. Hill, No. 01C01-9508-CC-00267, 1996 WL 346941 (Tenn. Crim. App., Nashville, Jan. 6, 1997), rev'd, 954 S.W.2d 725 (Tenn. 1997). The Hill case was pending before our supreme court at the time the Defendant filed his motion to reopen his post-conviction petition, and the holding of this Court in Hill was subsequently reversed by the Tennessee Supreme Court. See id. The trial court stated, "This Court overruled the motion [to reopen post-conviction proceedings] on October 14th, but upon reconsideration, since the Hill case was pending in the Tennessee Supreme Court, this Court granted the motion to re-open the petition." Neither the holding of this Court nor the holding of the Tennessee Supreme Court in Hill established "a constitutional right that was not recognized as existing at the time of trial." Tenn. Code Ann. § 40-30-217(a)(1) (1997); see State v. Hill, No. 01C01-9508-CC-00267, 1996 WL 346941 (Tenn. Crim. App., Nashville, Jan. 6, 1997), rev'd, 954 S.W.2d 725 (Tenn. 1997). Nor does the Defendant enunciate any other valid reason, as enumerated in Tennessee Code Annotated § 40-30-217, to support the filing of his motion. Tenn. Code Ann. § 40-30-217(a)(1)-(4) (1997). We therefore conclude that the trial judge erred by granting the Defendant's motion to reopen his post-conviction petition.

Furthermore, if the motion to reopen is treated as a new post-conviction petition, it is barred under Tennessee Code Annotated § 40-30-202, which provides:

(a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including the tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

(b) No court shall have jurisdiction to consider a petition filed after such time unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

(c) This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

Id. § 40-30-202 (emphasis added).

The new Post-Conviction Procedure Act, cited in part above, governs this petition and all petitions and motions to reopen petitions for post-conviction relief filed after May 10, 1995. Id. Relying on the new act, we conclude that the trial judge erred in treating the Defendant's motion to reopen his petition as a new post-conviction petition. A second petition for post-conviction relief is clearly barred by the new act, and the act emphasizes that any such second petition "shall be summarily dismissed." Id. § 40-30-202(c). Although we conclude that the trial court erred by treating the Defendant's motion to reopen as a second post-conviction petition, thereby entertaining a second post-conviction proceeding, we concur in the trial court's denial of post-conviction relief.

Accordingly, we affirm the trial court's denial of post-conviction relief.


_____
DAVID H. WELLES, JUDGE

CONCUR:

-7-

_____
GARY R. WADE, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE