# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

February 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **GEORGE F. JONES, JR.,** | ) | **C.C.A. NO. 03C01-9702-CR-00062** |
| | ) | |
| Appellant, | ) | |
| | ) | **JOHNSON COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. LYNN W. BROWN, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(HABEAS CORPUS)** |

FOR THE APPELLANT:

**GEORGE F. JONES, JR.**, *pro se*
#163274 NECC
P.O. Box 5000
Mountain City, TN  37683-5000

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**SANDY COPOUS PATRICK**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**DAVID CROCKETT**
District Attorney General
Route 19, Box 99
Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, George F. Jones, Jr., appeals as of right the trial court's dismissal of his petition for writ of habeas corpus relief. We affirm the judgment of the trial court.

Petitioner was indicted on multiple counts of aggravated rape in violation of Tennessee Code Annotated section 39-13-502. All offenses were alleged to have been committed in November of 1989. Following a jury trial, Petitioner was convicted on four (4) counts of aggravated rape and sentenced to four (4) concurrent sentences of twenty (20) years. On December 5, 1996, Petitioner filed a petition for habeas corpus relief in the Johnson County Criminal Court which is the subject of this appeal. In essence, Petitioner argues that his sentence is void because the culpable mental state for the offense of aggravated rape was not alleged in the indictments.

In support of his argument, Petitioner relies upon the decision of this Court in State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996). However, our supreme court reversed this Court's decision in Hill. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). The Tennessee Supreme Court held in Hill as follows:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> (1)  the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis

> for entry of a proper judgment, and protection from double jeopardy;
>
> (2)    the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3)    the mental state can be logically inferred from the conduct alleged.

Id. at 726-27.

The issue before this Court is the same issue addressed by the supreme court in Hill, that is, whether an indictment charging aggravated rape was void for failure to allege a culpable mental state. Tennessee Code Annotated section § 39-13-502(a)(3)(A) defines aggravated rape as the "unlawful sexual penetration of a victim by the defendant" where the "defendant is aided or abetted by one (1) or more other persons; and [f]orce or coercion is used to accomplish the act." This statute does not specify a mental state, but the required mental state may be inferred from the nature of the criminal conduct alleged in the indictments in the Petitioner's case. The indictments alleged that Petitioner on four different days did "unlawfully, sexually penetrate [the victim] by force or coercion while aided and abetted by one or more persons, in violation of T.C.A. § 39-13-502, contrary to the statute, and against the peace and dignity of the State of Tennessee." Obviously, the act for which Petitioner is indicted, "unlawfully, sexually penetrat[ing]" a victim, is "committable only if the principal actor's mens rea is intentional, knowing, or reckless." Hill, 954 S.W.2d at 729. Also, the language of the indictment sufficiently apprised Defendant of the offenses charged, and were stated in ordinary and concise language so that a person of common understanding would know what was intended. Tenn. Code Ann. § 40-13-202. Furthermore, the language in the indictments adequately protects Defendant against subsequent reprosecution for this same offense. Hill, 954 S.W.2d

at 727, 729. Therefore, the indictments in this case meet constitutional and statutory requirements of notice and form and are, therefore, valid.

Petitioner's petition may be dismissed summarily if the petition fails to state a cognizable claim. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Tenn. Code Ann. § 29-21-109. The trial court properly dismissed Petitioner's petition.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
DAVID G. HAYES, Judge