# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN McDONALD, | ) | NO. 01C01-9711-CR-00529 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**JOHN McDONALD, Pro Se**
#125039
P.O. Box 5000
Mountain City, TN 37683-5000

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**KATY NOVAK MILLER**
Assistant District Attorney General
222 - 2nd Avenue North
Washington Square, Suite 500
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Petitioner appeals the dismissal of his motion to re-open petition for post-conviction relief. He claims that the 1987 indictment for aggravated rape and aggravated sexual battery under which he was convicted failed to vest jurisdiction in the trial court as per State v. Hill, 954 S.W.2d 725 (Tenn. 1997). After a thorough review of the record provided, we find this claim to be without merit and **AFFIRM** the decision of the trial court.

**PROCEDURAL HISTORY**

Petitioner was indicted for aggravated rape and aggravated sexual battery in 1987. A jury convicted him of two counts of aggravated sexual battery, and the judgments became final in June 1990. Petitioner filed a petition for post-conviction relief in April 1997, which was dismissed by the trial court on July 21, 1997. On August 13, 1997, he filed a motion to re-open the petition. This motion, likewise, was dismissed. This appeal followed.

**RECORD ON APPEAL**

It is the appellant's duty to prepare a record which conveys a fair and accurate account of what transpired with respect to the issues which form the basis of the appeal in order to allow for a meaningful appellate review. Tenn. R. App. P. 24; State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). This appeal is essentially based upon sufficiency of the indictment, yet petitioner failed to include a copy of the indictment in the record. We are, therefore, unable to provide appellate review.

**STATUTE OF LIMITATIONS**

2

Petitioner has yet another procedural problem. Tenn. Code Ann. § 40-30-102 (repealed 1995) allowed petitioners three years from the date of final action of the highest state appellate court in which to file for post-conviction relief. The Post-Conviction Procedure Act of 1995 did not grant petitioners seeking post-conviction relief an additional year for filing petitions that were already barred by the statute of limitations prior to May 10, 1995. State v. Carter, 952 S.W.2d 417, 420 (Tenn. 1997).

In the case under review, this Court affirmed petitioner's convictions and sentences on March 1, 1990. The Supreme Court denied permission to appeal on June 4, 1990. Thus, his petition was time-barred as of June 1993. The 1995 Act does not grant petitioner a reprieve from this limitation. Furthermore, none of the exceptions to the statute of limitations apply. See Tenn. Code Ann. § 40-30-202(b).

Nevertheless, assuming petitioner's claim was not time-barred, it would still be without merit. Petitioner failed to allege any grounds that would entitle him to have the original petition for post-conviction relief re-opened as required by Tenn. Code Ann. § 40-30-217(a).

## STATE V. HILL

Petitioner challenges the validity of his 1987 indictment. Without a valid indictment, there can be no jurisdiction and no prosecution. Dykes v. Compton, __ S.W.2d __, __ (Tenn. 1998). However, we conclude the alleged language in the indictment was sufficient.

As derived from the trial court's order, the indictment presumably reads in part:

> "Count one . . . defendant 'unlawfully, and feloniously did commit the offense of aggravated sexual battery by engaging in unlawful sexual contact to wit: touching of the genital area . . . [of the victim] . . . and the said [victim] was a child less than (13) thirteen years of age. . .'"
> "Count two . . . defendant 'with force and arms . . . unlawfully, and feloniously did engage in sexual penetration, to wit, anal intercourse, of [the victim], a child less than 13 years of age. . .'"

A review of this language convinces us that the indictment met all constitutional

3

requirements as delineated in <u>Hill</u>, 954 S.W.2d at 726-27. Therefore, petitioner's claim is without merit.

## OTHER ISSUES

On appeal the petitioner raises other issues; to wit: the validity of the indictment based upon non-<u>Hill</u> issues, improper sentencing and the denial of exculpatory evidence. These issues were not raised in the trial court and are waived. *See* <u>Butler v. State</u>, 789 S.W.2d 898, 902 (Tenn. 1990).

## CONCLUSION

Based upon the foregoing, the trial court's dismissal of petitioner's motion to re-open petition for post-conviction relief is **AFFIRMED**.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**L. T. LAFFERTY, SENIOR JUDGE**